UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEC TABAK,

       Plaintiff,

- *against* -

3DR HOLDINGS, LLC,

       Defendant.

Case No. 1:18-cv-10772 (PAE)

**DEFENDANT 3DR HOLDINGS, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

  Defendant 3DR Holdings, LLC ("3DR"), by its attorneys, Cowan, DeBaets, Abrahams & Sheppard LLP, respectfully submits this Memorandum of Law in Support of its Partial Motion to Dismiss plaintiff Alec Tabak's ("Plaintiff") complaint ("Complaint" or "Cplt") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion").

**PRELIMINARY STATEMENT**

  This case presents a classic example of ill-thought-out use of this Court's resources by an overzealous photographer and the Liebowitz Law Firm. Had Plaintiff engaged in even a cursory exploration of the facts at issue, he would have discovered the implausibility of his claim that 3DR removed, altered, or falsified "copyright management information" ("CMI") in violation of § 1202 of the Copyright Act. Instead of investigating any facts, Plaintiff filed the instant lawsuit – seeking to strong-arm a small, online media outlet (that garnered less than 40 page views over the course of a year from the use at issue) into paying an unsupportable sum – without any regard for evidence appearing on the face of exhibits annexed to his own Complaint.

1

Materials the Court may consider at this stage indisputably demonstrate that 3DR's automated content aggregation software sourced the photograph at issue from a website that never included CMI to begin with. 3DR cannot have falsified, removed, or altered information that was never present. Furthermore, Plaintiff's formulaic recitation of elements of a cause of action under § 1202 is insufficient to state a claim; likely because there is no claim to state. Plaintiff's failure to sufficiently plead a § 1202 claim is clear from the face of the Complaint, and this cause of action is one that should be disposed of at the pleading stage so that the Court and 3DR can be spared from wasting further time and resources.

## FACTUAL BACKGROUND

Accepting as true for purposes of this motion all factual allegations in the Complaint, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 589 (2007), the relevant facts are as follows:

Plaintiff is a New York-based photographer who claims that he owns and has registered a courtroom photograph of accused kidnapper Louis Meza (the "Photograph"), which was licensed for use in the Daily News, and published by the Daily News on December 13, 2017. *See* Compl. ¶¶ 5, 7-10. The next day, on December 14, 2017, the website located at the URL https://www.bitcoinist.com ("Bitcoinist") published an article entitled "Man Robbed of $1.8 Million in Ether at Gunpoint" (the "Bitcoinist Article"), which featured the Photograph, **but did not contain any information identifying the photographer or the source of the Photograph**. *See* Declaration of Nancy E. Wolff ("Wolff Decl.") ¶ 2, Ex. A.[1] The last line of the Bitcoinist

---

[1] Although not annexed to the Complaint, the Court may take judicial notice of the Bitcoinist Article, which, as of the date this Motion was filed, is publicly available at https://bitcoinist.com/man-robbed-1-8-million-ether-gunpoint/. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (court may review complaint and matters of which judicial notice may be taken); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991) (taking judicial notice of SEC information on motion to dismiss was not improper); *In re Lihua Int'l, Inc. Sec. Litig.*, No. 14-CV-5037 (RA), 2016 WL 1312104, at *4 (S.D.N.Y. Mar. 31,

Article contained the following text: "Images courtesy of NY Daily News, Pixabay, and Bitcoinist archives." *Id.*[2]

On or around December 14, 2017, 3DR owned and operated the website located at the URL https://www.insidebitcoins.com ("Inside Bitcoins"). Compl. ¶ 6. Primarily, Inside Bitcoins republishes articles featured on other websites of interest to its readers using automated content aggregation software (the "Automated Aggregation Software"), which draws material from broad websites, providing its readers with the benefit of collecting most of the reporting on a particular topic in one place. *See* Meckler Aff. ¶ 4. When articles are republished on the Inside Bitcoins Website via the Automated Aggregation Software, they appear on the Inside Bitcoins Website exactly as they appeared on the article they are sourced from. The Automated Aggregation Software does not remove any text or images. *Id.* ¶ 5. 3DR personnel are in no way involved in the selection or republication of any of the articles that are republished on the Inside Bitcoins Website by the Automated Aggregation Software. *Id.* ¶ 6.

On December 14, 2017, the Automated Aggregation Software republished the Bitcoinist Article, along with the Photograph – *exactly as it appeared in the Bitcoinist Article* – in its entirety (the "Inside Bitcoins Article"). *Compare* Compl. ¶ 11, Ex. D *with* Wolff Decl. ¶ 2, Ex. A. *See also* Meckler Aff. ¶ 7. Like the Bitcoinist Article, the Inside Bitcoins Article contained the text: "Images courtesy of NY Daily News, Pixabay, and Bitcoinist archives." Cplt. ¶ 11, Ex. D.

---

2016) (taking judicial notice of news stories); *Wang v. Pataki*, 396 F. Supp. 2d 446, 458 (S.D.N.Y. 2005) (taking judicial notice of internet material).
[2] 3DR is not affiliated with Bitcoinist, and has no knowledge of whether Bitcoinist licensed the Photograph from Plaintiff. *See* Affidavit of Alan Meckler ("Meckler Aff.") ¶ 8.

Below, for ease of reference, is a comparison of true and correct excerpts of Bitcoinist's and Inside Bitcoin's use of the Photograph:



As demonstrated above, the text and Photograph are displayed in exactly the same manner in both articles.

3DR first learned of the use of the Photograph on the Inside Bitcoins website when Plaintiff filed the Complaint on November 18, 2018. Meckler Aff. ¶ 10. In the Complaint, Plaintiff falsely alleges that "[u]pon information and belief . . . [3DR] copied the Photograph from the New York Daily News." Compl. ¶ 21.

Plaintiff does not allege the statutory requirement that 3DR removed CMI intentionally, except in an impermissibly conclusory fashion. *See* Compl. ¶ 25 ("Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by 3DR intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their

infringement of Plaintiff's copyright in the Photograph."). Indeed, this defect could not be cured by an infinite number of amendments, because Plaintiff does not, and cannot, plausibly claim that 3DR used a version of the Photograph with CMI in the first place.

For the reasons set forth below, Plaintiff's Section 1202(b) claim should be dismissed because, even assuming the existence of CMI on the original publication by the Daily News, materials annexed to the Complaint, as well as materials that may be judicially noticed by this Court, demonstrate that 3DR did not remove, alter, or falsify CMI.[3]  Furthermore, the Complaint's conclusory allegations regarding 3DR's knowledge and intent cannot withstand scrutiny under basic federal pleading standards.

## ARGUMENT

To survive a motion to dismiss, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]lthough 'a court must accept as true all of the allegations contained in the Complaint,'" legal conclusions and "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Twomly*, 550 U.S. at 678). These well-pleaded factual allegations in the Complaint must "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. *See also Twombly*, 550 U.S. at 555 (while a complaint need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions"). In addition to the well-pleaded "facts stated on the face of the complaint," on a

---

[3] 3DR is not conceding liability at this stage but only raises the Section 1202(b) issue because the the materials the Court may consider on a motion to dismiss demonstrate there is no genuine issue of material fact that 3DR did not falsify, alter, and/or remove CMI from the Photograph.

N/A
N/A
N/A

motion to dismiss the Court may consider "the documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

The Court may also consider "documents that the plaintiff[] either possessed or knew about and upon which they relied in bringing the suit[,]" *Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000), as well as material publicly available on the internet. *See Hotel Emps & Rest. Emps Union, Local 100 v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 549 (2d Cir. 2002) (noting the appropriateness of taking judicial notice of material on a website); *Wang v. Pataki*, 396 F. Supp. 2d 446, 458 (S.D.N.Y. 2005) (same). Accordingly, in considering 3DR's partial motion to dismiss, the Court may review, among other things, the Bitcoinist Article and the Inside Bitcoins Article.

Taking into account the allegations in the Complaint and the accompanying materials, Plaintiff fails to state a claim with respect to his Section 1202(b) claim.

## II. THE COMPLAINT FAILS TO STATE A SECTION 1202 CLAIM

To prevail on a cause of action under § 1202(b) of the Copyright Act, Plaintiff must establish the existence of CMI on the Photograph used by the Automated Software in the Inside Bitcoins Article, and that 3DR "intentionally remove[d] or alter[ed]" the CMI with the knowing intent to "induce, enable, facilitate, or conceal an infringement" of copyright. 17 U.S.C. § 1202(b). Plaintiff does not plausibly allege or establish either element.

Plaintiff's § 1202 claim should be dismissed because Plaintiff fails to plead sufficient "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Complaint consists of legal conclusions and conclusory factual allegations, which are

not "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Indeed, Plaintiff's allegations – which are made upon "information and belief" (*see* Compl. ¶¶ 21-25) – amount to nothing more than "formulaic recitation[s] of the elements of a cause of action" under § 1202. *Twombly*, 550 U.S. at 555. Such "naked assertions devoid of further factual enhancement" do not constitute "facts" the Court must accept as true. *Id.*; *Iqbal*, 556 U.S. at 678. Plaintiff asserts that "Defendant copied the Photograph from the New York Daily News," *see* Compl. ¶ 21, despite the fact that the Inside Bitcoins Article indisputably included a credit to Bitcoinist.

Plaintiff's claim that any purported actions by 3DR were undertaken knowingly or with intent to conceal or encourage infringement is demonstrably baseless even on the face of the Complaint. Like any other element of a cause of action, intent must be adequately alleged at the pleading stage in order for the case to advance, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391 (2014), but the Complaint contains no plausible, non-conclusory allegation that 3DR had such intent.

The facts as pleaded in the Complaint undermine any plausible claim that 3DR acted with the requisite scienter, and in fact, other courts in this District have dismissed virtually identical claims made by plaintiffs on information and belief. *See, e.g.*, *Chevrestt v. Am. Media, Inc.*, 204 F. Supp. 3d 629, 6322 (S.D.N.Y. 2016) (dismissing § 1202 claim which contained "no factual allegations supporting an inference that CMI alteration or removal was done intentionally").

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that Plaintiff's second claim for relief be dismissed with prejudice.

Respectfully Submitted,

Dated: New York, New York
February 7, 2019

COWAN, DEBAETS, ABRAHAMS
& SHEPPARD LLP


By: /s/ Nancy E. Wolff
    Nancy E. Wolff
    Lindsay R. Edelstein
    41 Madison Avenue, 38th Floor
    New York, New York 10010
    Tel: (212) 974-7474
    Fax: (212) 974-8474
    nwolff@cdas.com
    ledelstein@cdas.com

*Attorneys for Defendant 3DR Holdings, LLC*